# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

SCOTT E. BATEMAN,

        Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

        Defendant.

CASE NO. 19-5034 RJB

ORDER ON PLAINTIFF'S RENEWED MOTION FOR REMAND

THIS MATTER comes before the Court on the Plaintiff's Renewed Motion for Remand. Dkt. 17. The Court has considered the pleadings filed regarding the motion and the remaining file.

Originally filed on December 4, 2018, in Pierce County, Washington Superior Court, this case asserts claims against Defendant USAA Casualty Insurance Company ("USAA") arising from injuries sustained by its insured in a car accident involving another motorist, who fled the scene. Dkt. 1-3. On January 11, 2019, USAA removed the case to this Court based on the diversity of the parties' citizenship and the amount in controversy, pursuant to 28 U.S.C. §

ORDER ON PLAINTIFF'S RENEWED MOTION FOR REMAND - 1

1332(a). Dkt. 1. After denial of the Plaintiff's first motion to remand (Dkt. 15) and subsequent filing of an Amended Complaint (Dkt. 21), the Plaintiff now moves to remand the case, asserting there is now no ambiguity - the amount in controversy is less than $75,000 (Dkt. 17). For the reasons provided below, the renewed motion to remand (Dkt. 17) should be granted.

## I. FACTS

According to the Amended Complaint, at the relevant time, Plaintiff was an insured driver under a policy issued by USAA, which included benefits for injuries resulting from an accident with an uninsured/underinsured ("UIM") motorist. Dkt. 21, at 3. Under the heading "Entitlement to UIM Damages," the Amended Complaint provides that "Plaintiff seeks an amount up to $72,500." *Id.*, at 4. The Plaintiff also makes claims under the Washington Consumer Protection Act, RCW 19.86, *et. seq*. ("CPA"). The Plaintiff seeks damages, including treble damages under the CPA, attorneys' fees, and costs. *Id.*

The Plaintiff renews his motion to remand the case. Dkt. 17. He argues that, while the parties are completely diverse in their citizenship, the $75,000 in controversy amount (as required by 28 U.S.C. § 1332 (a)) is not met. *Id.* The Plaintiff states that with his Amended Complaint, he "seeks to remove any ambiguity regarding the monetary limit of this action: no more than $72,500." *Id.* USAA opposes the motion. Dkt. 22. The motion is ripe for review.

## II. DISCUSSION

Removal of a case from a state court to a United States District Court is governed by the provisions of 28 U.S.C. §§ 1441 and 1446. Section 1441 provides, in relevant part, as follows:

> Except as otherwise expressly provided by Act of congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . .

ORDER ON PLAINTIFF'S RENEWED MOTION FOR REMAND - 2

28 U.S.C. § 1441(a). USAA asserts that this court has original jurisdiction in this case under § 1332 (a) because of the diversity of the parties' citizenship and the amount in controversy. Dkt. 1. Section 1332 (a) provides that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332 (a). Under 28 U.S.C. § 1446 (c)(2),

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332 (a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks -
>
> (i) nonmonetary relief; or
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446. Accordingly, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). When, as here, the plaintiff contests the defendant's assertion, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount-in-controversy exceeds the jurisdictional threshold." *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 416 (9th Cir. 2018)(*internal quotation marks and citation* omitted). Section 1332 (a)'s amount-in-controversy requirement includes claims for damages and attorneys' fees. *Chavez,* at 416 and *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir.

2007)(holding "amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees").

Plaintiff's motion for remand (Dkt. 17) should be granted. The Plaintiff now states that he is "limiting his recovery to no more than $72,500." Dkt. 17. He has now demonstrated, by a preponderance of the evidence, the amount-in-controversy, including attorneys' fees, is less than $75,000. While the Defendant properly points out that there were substantial grounds, at the time of removal, to believe that the amount in controversy was over $75,000, it is now clear that is not the case. Pursuant to 28 U.S.C. § 1447 (c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." This Court no longer has subject matter jurisdiction, so the Plaintiff's motion for remand should be granted. The case should be remanded to Pierce County, Washington Superior Court.

### III. ORDER

It is **ORDERED** that:

- The Plaintiff's Renewed Motion for Remand (Dkt. 17) **IS GRANTED;**
- This case **IS REMANDED** to Pierce County, Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of May, 2019.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge